TIMOTHY J. LONG (STATE BAR NO. 137591)
tjlong@orrick.com
MICHAEL WERTHEIM (STATE BAR NO. 291228)
mwertheim@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 South Figueroa Street, Suite 3200
Los Angeles, California  90017-5855
Telephone:  +1 213 629 2020
Facsimile:   +1 213 612 2499

Attorneys for Defendants
CROWN MEDIA UNITED STATES, LLC, CROWN MEDIA HOLDINGS, INC., AND CITI TEEVEE, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| MARK STEINES AND STEINES ENTERTAINMENT, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>CROWN MEDIA UNITED STATES, LLC, CROWN MEDIA HOLDINGS, INC., AND CITI TEEVEE, LLC,<br><br>Defendants. | Case No. 2:18-cv-09293 CJC (FFMx)<br><br>**DEFENDANTS' APPLICATION FOR LEAVE TO FILE UNDER SEAL PORTIONS OF DECLARATIONS AND EXHIBITS IN SUPPORT OF DEFENDANTS' MOTION TO DISQUALIFY PLAINTIFFS' COUNSEL**<br><br>Judge: Hon. Cormac J. Carney<br><br>*[Filed concurrently with Declaration of Michael Wertheim; Redacted Declarations and Exhibits Proposed to Be Filed Under Seal; Unredacted Declarations and Exhibits to Be Filed Under Seal; and [Proposed] Order re Application for Leave to File Under Seal]*<br><br>Complaint filed: September 20, 2018<br>First Amended Complaint filed: September 26, 2018 |

**TO THE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that, pursuant to Local Rule 79-5.2.2, Defendants Crown Media United States, LLC, Crown Media Holdings, Inc. and Citi TeeVee, LLC ("Defendants") hereby apply for leave of Court to file portions of the following documents, submitted in support of Defendants' Motion to Disqualify Plaintiffs' Counsel, under seal:

1. Declaration of Howard M. Knee in support of Defendants' Motion to Disqualify ("Knee Declaration") (specifically Paragraphs 5, 6 and 14.)
2. Exhibit A to the Knee Declaration (the "Legal Consulting Agreement")
3. Exhibit B to the Knee Declaration (the "First Installment Check")
4. Declaration of Deanne R. Stedem in support of Defendants' Motion to Disqualify ("Stedem Declaration") (specifically Paragraphs 6, 19, 20 and 21)

## I. INTRODUCTION

Good cause exists to file the limited portions of the Knee Declaration, Legal Consulting Agreement, First Installment Check and the Stedem Declaration under seal, because these documents contain confidential information that is: (1) protected by the attorney-client privilege; (2) protected by the mediation privilege; (3) subject to confidentiality agreements; (4) sensitive and confidential business information; and (5) private information of non-parties.  See Declaration of Michael Wertheim ("Wertheim Decl.") ¶5.  Defendants request that the Court permit them to file the above-referenced documents under seal to preserve any privilege (including the attorney-client privilege and mediation privilege), confidentiality and avoid any waiver of privilege by having to bring Defendants' Motion to Disqualify Plaintiffs' Counsel. *Id.* ¶6.

Counsel for Defendants informed Plaintiffs' counsel of Defendants' intent to seek leave to file the Knee Declaration, Legal Consulting Agreement, First

Installment Check and Stedem Declaration under seal, and provided the reasons for doing so. Wertheim Decl. ¶3, Ex. 1. Plaintiffs' counsel has indicated they will oppose the application to seal. *Id*.

## II.  ARGUMENT

### A.  Good Cause Exists To Seal The Proposed Documents

The decision to seal records is left to the Court's discretion. *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995) (citing *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 599 (1978)). When determining whether to seal court records, "the district court must balance the competing interest of the public and the party seeking to seal judicial records." *In re Midland Nat. Life Ins. Co. Annuity Sales Practices Litig.*, 686 F.3d 1115, 1119 (9th Cir. 2012). While the public enjoys a general right to inspect judicial records and documents, a party may provide "sufficiently compelling reasons" that override the public policy favoring disclosure, and a court may seal such documents where "good cause" is shown that specific prejudice or harm will result if the materials are not filed under seal. *Id*.; *see also Beckman Indus., Inc. v. International Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992).

Defendants' desire to preserve the sanctity of privileged and confidential information constitutes a compelling reason that outweighs the public's interest in such information. Defendants therefore request that the Court seal portions of these documents because they refer to matters that are protected from disclosure by the attorney-client privilege, California's mediation privilege, private confidentiality agreements, as well as private business matters and private matters of non-parties. Wertheim Decl. ¶5. The matters contained in the redacted portions of the Knee Declaration, Legal Consulting Agreement, First Installment Check and Stedem Declaration are directly related to confidential matters discussed under the protections of the above-mentioned privileges and confidentiality considerations. *Id*. ¶7-14. As explained below, Defendants have established good cause for the

Court to seal the above-referenced documents because Defendants will suffer significant harm if the documents are unsealed and their privileged and confidential information is disclosed and accessible to the public. *Id.* ¶19. *Admiral Ins. Co. v. United States Dist. Court,* 881 F.2d 1486 (9th Cir. 1989) ["party will suffer . . . irreparable harm if privileged materials or communications are disclosed"].

### B. Protection Of Defendants' Confidential Attorney-Client Communications Warrants Sealing The Proposed Documents

Courts have regularly held that the sealing of court documents is appropriate and necessary when a party seeks to disclose confidential information or information protected by the attorney-client privilege and attorney work-product doctrine. *See, e.g., Stein v. Tri-City Healthcare Dist.*, 2014 U.S. Dist. LEXIS 121112 (S.D. Cal. Aug. 27, 2014) and *Preston v. City of Oakland*, 2015 U.S. Dist. LEXIS 16907 (N.D. Cal. Feb. 11, 2015), relying on *General Dynamics v. Superior Court*, 7 Cal. 4th 1164 (1997) and *Fox Searchlight Pictures, Inc. v. Paladino*, 89 Cal. App. 4th 294 (2011) (both holding that court should seal documents or proceedings when a party seeks to introduce privileged or confidential information in court); *see also* Evid. Code §954 (California's evidentiary statute regarding attorney-client privilege).

Defendants entered into an attorney-client relationship with The Bloom Firm on July 17, 2017. Wertheim Decl. ¶8. The Knee Declaration, Legal Consulting Agreement, First Installment Check and Stedem Declaration contain information subject to the attorney-client privilege. *Id*. ¶¶8-14. By virtue of having to bring the Motion to Disqualify, Defendants are in the untenable position of being forced to explain to the Court why their former attorney cannot use confidential information against them, which by its very essence would otherwise require Defendants to disclose what those confidential communications were; this is precisely why the Court should allow these confidential matters to be submitted under seal, so as to preserve the confidential nature of these attorney-client communications.

### C. Protection Of Defendants' Confidential Mediation Communications Warrants Sealing The Proposed Documents

Moreover, some of the matters in the Knee Declaration, Legal Consulting Agreement and Stedem Declaration are protected by California's mediation privilege. Wertheim Decl. ¶¶5, 10, 11-14. As such, the communications and information related to these confidential matters are privileged and confidential. California Evidence Code §§ 1119, 1121, 1123.

### D. Protection Of Information Protected By Confidentiality Agreements Warrants Sealing The Proposed Documents

Some of the confidential information within the redacted portions of the proposed documents is specifically subject to mutually-agreed upon confidentiality agreements with Plaintiffs' counsel. Wertheim Decl. ¶¶12, 13, 14, 16. Courts have routinely sealed the content of confidential settlement agreements under the compelling reasons standard, therefore, to the extent such documents involve confidential information, particularly, as is the case here, where Plaintiffs' counsel agreed to be bound by strict confidentiality provisions, there exists a compelling reason to file under seal. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1212 (9th Cir. 2002) ("[C]ourts have granted protective orders to protect confidential settlement agreements.") (citing cases); *Hendrix v. Branton*, No. 93-cv-0537, 2012 WL 2455741, at *4 (W.D. Wash. June 26, 2012) (finding compelling reasons to seal confidential agreement from prior litigation because (1) the agreement contained a confidentiality provision and (2) there was no overriding need for the public to know the details of the agreement).[1]

---

[1] See *NBC Subsidiary (KNBC-TV), Inc. v. Superior Court*, 20 Cal. 4th 1180, 1223, n. 46 (recognizing overriding interest of "protection of trade secrets, protection of information within the attorney-client privilege, and enforcement of binding contractual obligations not to disclose").

### E. Protection Of Defendants' Confidential Business Information Warrants Sealing The Proposed Documents

Documents that contain confidential and/or proprietary business information which could "harm a litigant's competitive standing" are generally protectable from public disclosure. *In re Electronic Arts, Inc.*, 298 Fed. App'x 568, 569 (9th Cir. 2008) ("[T]he common-law right of inspection has bowed before the power of a court to insure that its records are not used . . . as sources of business information that might harm a litigant's competitive standing.") (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)); *NBC Subsidiary*, 20 Cal. 4th at 1222 n. 46 (trade secrets are an overriding interest warranting protection). The documents sought to be filed under seal contain such information — public release of the information would harm Defendants' competitive standing, and the information is appropriately filed under seal on that basis. Wertheim Decl. ¶¶18, 19.

### F. Protection Of Non-Party Personal Information Warrants Sealing The Proposed Documents

Finally, Defendants request that names of certain third-parties be redacted to preserve the privacy rights of those individuals who are not parties to this action. Wertheim Decl. ¶17. Under the compelling reasons standard, the Ninth Circuit and other courts throughout the Ninth Circuit have recognized the privacy interests of third parties by sealing personnel and other identifying information from the public record. *See Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, at *1137 (9th Cir. 2003) ("third-party medical and personnel records" should be redacted "to protect third-party privacy interests…."); *Myles v. Cty. of San Diego*, No. 15-CV-1985-BEN (BLM), 2017 WL 274829, at *2 (S.D. Cal. Jan. 19, 2017) ("[I]nformation about third parties' personal identifying information should not be disclosed to the public."); *Music Grp. Macao Commercial Offshore Ltd. v. Foote*, No. 14-cv-03078-JSC, 2015 WL 3993147, at *2 (N.D. Cal. June 30, 2015) ("Disclosure of identifying information would infringe the privacy rights of [third

party individuals], which constitutes a compelling reason for sealing."). Based on this well-established case law, Defendants' limited request to redact information related to personnel issues of non-party litigants justifies filing of the above-referenced documents under seal.

### G. A Substantial Probability Exists That Defendants Will Be Prejudiced If The Documents Are Not Sealed

Defendants' privileged and confidential information, as well as financial and competitive interests would be placed in significant jeopardy if the information contained at in the proposed sealed documents was made publicly available. Wertheim Decl. ¶19. Such disclosure would prejudice Defendants by forcing them to disclose privileged and confidential information that was always meant to remain confidential. Public knowledge of Defendants' privileged and confidential information would undermine its legal strategies and negatively affect its competitive advantage in the marketplace. *Id*.

### H. Defendants' Proposed Sealing Is Narrowly Tailored

Defendants' request is limited in scope, and narrowly tailored to protect privacy interests, balanced against the presumption of public access in civil cases. There exist no less restrictive means to protect the confidential information, as this information is vital to Defendants' Motion to Disqualify Plaintiffs' Counsel. Wertheim Decl. ¶20. Defendants have redacted only the necessary portions to preserve confidentiality and privilege, but the information is otherwise necessary to establish the merits of Defendants' Motion to Disqualify Plaintiffs' Counsel.

## III. CONCLUSION

Defendants respectfully request that the Court grant the application to file the Knee Declaration, Legal Consulting Agreement, First Installment Check and Stedem Declaration under seal.

| | | |
|---|---|---|
| Dated: | December 5, 2018 | TIMOTHY J. LONG<br>MICHAEL WERTHEIM<br>Orrick, Herrington & Sutcliffe LLP |

By: */s/ Timothy J. Long*
TIMOTHY J. LONG
Attorneys for Defendants
Crown Media United States, LLC,
Crown Media Holdings, Inc., and Citi
TeeVee, LLC

- 8 -   Case No. 2:18-cv-09293 CJC (FFMx)

DEFENDANTS' APPLICATION FOR LEAVE TO FILE UNDER SEAL