1    TIMOTHY J. LONG (STATE BAR NO. 137591)     **REDACTED VERSION**
       tjlong@orrick.com                                 **OF DOCUMENT**

2    MICHAEL WERTHEIM (STATE BAR NO. 291228)    **PROPOSED TO BE**
       mwertheim@orrick.com                               **FILED UNDER SEAL**

3    ORRICK, HERRINGTON & SUTCLIFFE LLP
       777 South Figueroa Street, Suite 3200

4    Los Angeles, California  90017-5855
       Telephone:  +1 213 629 2020

5    Facsimile:   +1 213 612 2499

6    Attorneys for Defendants
       CROWN MEDIA UNITED STATES, LLC, CROWN

7    MEDIA HOLDINGS, INC., AND CITI TEEVEE, LLC

8

               UNITED STATES DISTRICT COURT

9

            CENTRAL DISTRICT OF CALIFORNIA

10

                 WESTERN DIVISION

11

12

13    MARK STEINES AND STEINES          Case No. 2:18-cv-09293 CJC (FFMx)
       ENTERTAINMENT, INC.,

14                             **DECLARATION OF HOWARD M.**
              Plaintiffs,                  **KNEE IN SUPPORT OF**

15           v.                             **DEFENDANTS' MOTION TO**
                                        **DISQUALIFY PLAINTIFFS'**

16    CROWN MEDIA UNITED STATES,     **COUNSEL**
       LLC, CROWN MEDIA HOLDINGS,

17    INC., AND CITI TEEVEE, LLC,         Judge: Hon. Cormac J. Carney

18               Defendants.           [*Filed concurrently with Defendants'*
                                     *Notice of Motion and Motion to*

19                                     *Disqualify Plaintiffs' Counsel*]

20                             Complaint filed: September 20, 2018
                            First Amended Complaint filed:

21                             September 26, 2018

22

23

24

25

26

27

28

                                         Case No. 2:18-cv-09293-CJC

150625.00201/114774644v.1

## DECLARATION OF HOWARD M. KNEE

I, Howard M. Knee, hereby declare:

1.     I am a member of the State Bar of California and am authorized to practice before this Court.  I am a Partner at Blank Rome LLP.  The facts set forth in this declaration I know to be true of my own personal knowledge, except as otherwise stated.  If called to testify in this matter, I could and would testify competently to the matters set forth in this declaration.

2.     I have served as outside employment legal counsel to Woody Fraser and Woody Fraser Enterprises, Inc. (which no longer does business) since in or about May 2017.

3.     On July 17, 2017, Woody Fraser and Woody Fraser Enterprises, Inc. entered into a Legal Consulting Agreement ("LCA") with The Bloom Firm.  The parties entered into this LCA following a number of communications with Lisa Bloom and attorneys from her firm, including Alyson Decker.  Attached hereto as **Exhibit A** is a true and correct copy of the LCA.[1]

4.     The LCA was negotiated between the parties in good faith and at arms' length.  I am informed and believe that during these negotiations, The Bloom Firm bargained for, insisted upon, and obtained additional consideration than had originally been offered.  Prior to entering into the LCA, the parties communicated about and The Bloom Firm specifically approved the LCA.  I am not aware of any facts showing that the Bloom Firm did not voluntarily, and without coercion, negotiate, sign and agree to the LCA.

---

[1] The LCA is a confidential fee agreement protected by the attorney-client privilege.  I understand the Defendants in this case, Crown Media United States, LLC, Crown Media Holdings, Inc. and Citi TeeVee, LLC, will request that the LCA be filed under seal out of an abundance of caution to preserve the attorney-client privilege to the extent possible.  Woody Fraser and Woody Fraser Enterprises, Inc. are willing to waive the attorney-client privilege as to the terms of the LCA but request that the terms only be made public by court order.

- 2 -                          Case No. 2:18-cv-09293-CJC

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25



26    7.    Because the Bloom Firm was equipped with confidential information

27 (including, without limitation, the "playbook" of the Defendants) and employment

28 law expertise, Woody Fraser, Woody Fraser Enterprises, Inc. and Crown Media

1 | determined that it would be beneficial to engage The Bloom Firm's legal services to

2 | assist with legal matters in the future.  The Bloom Firm's knowledge of this

3 | confidential information was an important factor that was considered in deciding to

4 | engage The Bloom Firm.

5 |        8.     Pursuant to the LCA, The Bloom Firm was engaged and retained to

6 | provide Woody Fraser, Woody Fraser Enterprises, Inc. and Crown Media legal

7 | consulting services on an as-needed basis for a specified term.

8 |        9.     In consideration for the LCA, Woody Fraser and Woody Fraser

9 | Enterprises were to pay The Bloom Firm a monetary consideration in three

10 | installments, the first installment of which was paid, accepted, and deposited by

11 | The Bloom Firm.  Attached hereto as **Exhibit B** is a true and correct copy of the

12 | check for the first installment payment and confirmation of the deposit date.

13 |      10.     The second installment payment to the Bloom Firm was due on June

14 | 30, 2018.  On June 13, 2018, Lisa Bloom sent me a letter advising me that she was

15 | unilaterally terminating the LCA and asking that Woody Fraser and Woody Fraser

16 | Enterprises, Inc. not send the second installment payment pursuant to the LCA.

17 |      11.     From the time the LCA was executed to June 13, 2018, to the best of

18 | my knowledge, neither Woody Fraser, Woody Fraser Enterprises, Inc. nor I

19 | received any communication from The Bloom Firm advising that The Bloom Firm

20 | no longer considered the LCA valid or enforceable.

21 |      12.     On or about July 6, 2018, I responded to Ms. Bloom's letter stating

22 | that Woody Fraser and Woody Fraser Enterprises, Inc. viewed the LCA as binding

23 | and enforceable.

24 |      13.     The Bloom Firm has never responded to my July 6, 2018 letter.

25 | ///

26 | ///

27 | ///

28 | ///

1

2

3        I declare under penalty of perjury under the laws of the United States and the

4    State of California that the foregoing is true and correct.

5        This declaration is executed on December 3rd, 2018 in Los Angeles,

6    California.

7

8                                                                HOWARD M. KNEE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 5 -                    Case No. 2:18-cv-09293-CJC
DECLARATION OF KNEE IN SUPPORT OF MOTION TO DISQUALIFY

# EXHIBIT A

# Public Version

## LEGAL CONSULTING AGREEMENT

THIS LEGAL CONSULTING AGREEMENT ("Agreement") is made as of **July ___, 2017** (the "Effective Date"), by and between FORREST ("WOODY") L. FRASER, an individual ("Fraser"), and WOODY FRASER ENTERPRISES, INC., a California corporation (the "Company" together with Fraser are collectively referred to herein as the "Fraser Parties"), and THE BLOOM FIRM, A PROFESSIONAL CORPORATION, a California corporation ("The Bloom Firm"). The Bloom Firm and the Fraser Parties are collectively referred to herein as the "Parties."

For good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties hereby agree as follows:







-3-



[Signatures on following page]

150625.00201/105937452v.4

IN WITNESS WHEREOF, the Parties hereto have executed this Legal Consulting Agreement as of the Effective Date.


FRASER:                                              BLOOM FIRM:

                                                     The Bloom Firm, A Professional Corporation


_____              By: _____
Forrest ("Woody") L. Fraser
                                                     Name: _____
Address:
                                                     Title: _____
_____

_____              Address:

                                                     _____

COMPANY:                                             _____

Woody Fraser Enterprises, Inc.


By: _____

Name: _____

Title: _____


Address:

_____

_____


*Signature Page to Legal Consulting Agreement*

150625.00201/105937452v.4

IN WITNESS WHEREOF, the Parties hereto have executed this Legal Consulting Agreement as of the Effective Date.

FRASER:

_Forrest ("Woody") L. Fraser_

Address:

11827 KEARSARGA ST
LA CA 90049

COMPANY:

Woody Fraser Enterprises, Inc.

By: _____

Name: FORRAST L. FRASER

Title: President

Address:

17547 Ventura Blvd
Encino CA 91316

BLOOM FIRM:

The Bloom Firm, A Professional Corporation

By: _____

Name: Alyson Decher

Title: Senior Attorney

Address:

20700 Ventura Blvd., Suite 301
Woodland Hills, CA 91367

*Signature Page to Legal Consulting Agreement*

150625.00201/105937452v.1

IN WITNESS WHEREOF, the Parties hereto have executed this Legal Consulting Agreement as of the Effective Date.

FRASER:

_Forrest ("Woody") L. Fraser_

Address:

_11827 KENMSARGA ST_
_LA CA 90049._

COMPANY:

Woody Fraser Enterprises, Inc.

By: _____

Name: _FORREST L. FRASER_

Title: _President_

Address:

_17547 Ventura Blvd_
_Encino Ca 91316_

BLOOM FIRM:

The Bloom Firm, A Professional Corporation

By: _____

Name: _____

Title: _____

Address: _____

_____

_____

*Signature Page to Legal Consulting Agreement*

# EXHIBIT B

# (PUBLIC VERSION)

# Grandpoint. epoint

9/20/2018 3:37 PM

## WF Productions
XXXXXX5037





**Amount:** ▇▇▇▇▇▇
**Description:** CHECK
**Check Number:** 4135
**Posted Date:** 9/18/2017
**Transaction Type:** History

1/1