TIMOTHY J. LONG (STATE BAR NO. 137591)
tjlong@orrick.com
MICHAEL WERTHEIM (STATE BAR NO. 291228)
mwertheim@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 South Figueroa Street, Suite 3200
Los Angeles, California 90017-5855
Telephone: +1 213 629 2020
Facsimile: +1 213 612 2499

Attorneys for Defendants
CROWN MEDIA UNITED STATES, LLC, CROWN MEDIA HOLDINGS, INC., AND CITI TEEVEE, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

MARK STEINES AND STEINES ENTERTAINMENT, INC.,

Plaintiffs,

v.

CROWN MEDIA UNITED STATES, LLC, CROWN MEDIA HOLDINGS, INC., AND CITI TEEVEE, LLC,

Defendants.

Case No. 2:18-cv-09293 CJC (FFMx)

**DECLARATION OF HOWARD M. KNEE IN SUPPORT OF DEFENDANTS' MOTION TO DISQUALIFY PLAINTIFFS' COUNSEL**

Judge: Hon. Cormac J. Carney

[*Filed concurrently with Defendants' Notice of Motion and Motion to Disqualify Plaintiffs' Counsel*]

Complaint filed: September 20, 2018
First Amended Complaint filed: September 26, 2018

**DECLARATION OF HOWARD M. KNEE**

I, Howard M. Knee, hereby declare:

1. I am a member of the State Bar of California and am authorized to practice before this Court. I am a Partner at Blank Rome LLP. The facts set forth in this declaration I know to be true of my own personal knowledge, except as otherwise stated. If called to testify in this matter, I could and would testify competently to the matters set forth in this declaration.

2. I have served as outside employment legal counsel to Woody Fraser and Woody Fraser Enterprises, Inc. (which no longer does business) since in or about May 2017.

3. On July 17, 2017, Woody Fraser and Woody Fraser Enterprises, Inc. entered into a Legal Consulting Agreement ("LCA") with The Bloom Firm. The parties entered into this LCA following a number of communications with Lisa Bloom and attorneys from her firm, including Alyson Decker. Attached hereto as **Exhibit A** is a true and correct copy of the LCA.[1]

4. The LCA was negotiated between the parties in good faith and at arms' length. I am informed and believe that during these negotiations, The Bloom Firm bargained for, insisted upon, and obtained additional consideration than had originally been offered. Prior to entering into the LCA, the parties communicated about and The Bloom Firm specifically approved the LCA. I am not aware of any facts showing that the Bloom Firm did not voluntarily, and without coercion, negotiate, sign and agree to the LCA.

[1] The LCA is a confidential fee agreement protected by the attorney-client privilege. I understand the Defendants in this case, Crown Media United States, LLC, Crown Media Holdings, Inc. and Citi TeeVee, LLC, will request that the LCA be filed under seal out of an abundance of caution to preserve the attorney-client privilege to the extent possible. Woody Fraser and Woody Fraser Enterprises, Inc. are willing to waive the attorney-client privilege as to the terms of the LCA but request that the terms only be made public by court order.



7. Because the Bloom Firm was equipped with confidential information (including, without limitation, the "playbook" of the Defendants) and employment law expertise, Woody Fraser, Woody Fraser Enterprises, Inc. and Crown Media

determined that it would be beneficial to engage The Bloom Firm's legal services to assist with legal matters in the future. The Bloom Firm's knowledge of this confidential information was an important factor that was considered in deciding to engage The Bloom Firm.

8. Pursuant to the LCA, The Bloom Firm was engaged and retained to provide Woody Fraser, Woody Fraser Enterprises, Inc. and Crown Media legal consulting services on an as-needed basis for a specified term.

9. In consideration for the LCA, Woody Fraser and Woody Fraser Enterprises were to pay The Bloom Firm a monetary consideration in three installments, the first installment of which was paid, accepted, and deposited by The Bloom Firm. Attached hereto as **Exhibit B** is a true and correct copy of the check for the first installment payment and confirmation of the deposit date.

10. The second installment payment to the Bloom Firm was due on June 30, 2018. On June 13, 2018, Lisa Bloom sent me a letter advising me that she was unilaterally terminating the LCA and asking that Woody Fraser and Woody Fraser Enterprises, Inc. not send the second installment payment pursuant to the LCA.

11. From the time the LCA was executed to June 13, 2018, to the best of my knowledge, neither Woody Fraser, Woody Fraser Enterprises, Inc. nor I received any communication from The Bloom Firm advising that The Bloom Firm no longer considered the LCA valid or enforceable.

12. On or about July 6, 2018, I responded to Ms. Bloom's letter stating that Woody Fraser and Woody Fraser Enterprises, Inc. viewed the LCA as binding and enforceable.

13. The Bloom Firm has never responded to my July 6, 2018 letter.

///

///

///

///

1
2

[text redacted]

3   I declare under penalty of perjury under the laws of the United States and the
4   State of California that the foregoing is true and correct.
5   This declaration is executed on December 3rd, 2018 in Los Angeles,
6   California.

HOWARD M. KNEE

# Exhibit A

**LEGAL CONSULTING AGREEMENT**

THIS LEGAL CONSULTING AGREEMENT ("Agreement") is made as of **July ___, 2017** (the "Effective Date"), by and between FORREST ("WOODY") L. FRASER, an individual ("Fraser"), and WOODY FRASER ENTERPRISES, INC., a California corporation (the "Company" together with Fraser are collectively referred to herein as the "Fraser Parties"), and THE BLOOM FIRM, A PROFESSIONAL CORPORATION, a California corporation ("The Bloom Firm"). The Bloom Firm and the Fraser Parties are collectively referred to herein as the "Parties."

For good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties hereby agree as follows:

1. **Engagement.** The Fraser Parties hereby engage The Bloom Firm to provide legal consulting services as set forth in this Agreement, and The Bloom Firm hereby accepts such engagement.

2. **Term.** This Agreement shall commence on Effective Date of this Agreement and shall continue for a period of three (3) years from the Effective Date ("Consulting Period").

3. **Scope of Services.** The Bloom Firm shall advise regarding legal situations in television and movie productions ("Legal Consulting"). This Legal Consulting shall be provided at the request of Fraser, the Company, and/or Crown Media United States, LLC ("Crown Media") on an as needed basis and shall be available to the Fraser Parties and their affiliated companies and Crown Media and its affiliated companies for the Consulting Period. Such Legal Consulting services shall be limited to five (5) hours per year. The Bloom Firm agrees to be engaged and continuously retained by the Fraser Parties during the Consulting Period and agrees to perform such Legal Consulting when and if reasonably requested from time to time by the Fraser Parties.

4. **Method of Performing Services.** This Agreement shall not create a partnership or joint venture. The Bloom Firm will determine the method, details, and means of performing such Legal Consulting services. The Bloom Firm shall provide the Fraser Parties with a reliable means of contacting The Bloom Firm during business hours, including a telephone number and e-mail address. Otherwise, The Bloom Firm shall have sole and exclusive responsibility and authority for determining its regular place of business and providing sufficient office facilities, equipment and supplies to perform the services required under this Agreement.

5. **Compensation.**

a. **Legal Consulting Fee.** In consideration of The Bloom Firm's agreement to enter into this Agreement and to perform the such Legal Consulting services required under this Agreement, the Fraser Parties shall pay The Bloom Firm the fee set forth below (the "Consulting Fee") as compensation for the engagement. The total amount of the Consulting Fee for the entire Consulting Period shall be Fifty Thousand Dollars ($50,000) and shall be paid by the Fraser Parties in three (3) annual installments, the first two each in the amount of Sixteen

Thousand Six Hundred and Sixty-Six Dollars and Sixty-Six Cents ($16,666.66) and the third in the amount of Sixteen Thousand Six Hundred and Sixty-Six Dollars and Sixty-Eight Cents ($16,666.68). The first annual payment shall be due within 10 business days of the full execution of this Agreement. The second annual payment shall be due on June 30, 2018. The third annual payment shall be due on June 30, 2019.

b. **Withholdings.** The Company and The Bloom Firm agree that The Bloom Firm is an independent contractor and not an employee of the Company. The Bloom Firm hereby represents that it is not subject to withholdings for income tax, FICA, SDI or similar purposes. The Bloom Firm shall provide the Company with the Bloom Firm's taxpayer identification number.

6. **Attorney-Client Relationship.** The Bloom Firm hereby acknowledges and agrees that this Agreement creates an attorney-client relationship for the term of the Agreement between the Bloom Firm, including any and all attorneys of The Bloom Firm (including Lisa Bloom, Alyson Decker, and Vanessa Hooker), on one hand, and the Fraser Parties, including any of their respective affiliates or related entities, and Crown Media United States, LLC, including any of its affiliated or related entities ("Crown Companies"), on the other hand.

7. **Covenant Not To Solicit and/or Refer Non-Parties To Legal Counsel.** The Bloom Firm agrees not to solicit and/or refer, directly or indirectly, any person to legal counsel who is seeking to bring or file a lawsuit, charge, and/or legal claim of any nature against the Fraser Parties for a period of three (3) years of the Effective Date of this Agreement. [redacted]

8. **Confidentiality.** The Parties agree that the existence, terms, or provisions of this Agreement shall remain strictly confidential and shall not be disclosed to any person, firm, corporation, or other entity with the sole and exclusive exceptions of (a) any governmental agency or court as required by law; or (b) a Party's accountant or attorney as required only for the rendition of such professional services, so long as any such attorney or accountant is informed of this confidentiality agreement and agrees to abide by its terms. The Bloom Firm specifically agrees that the existence, facts, terms, or provisions of or information concerning this Agreement and the names of the parties receiving Legal Consulting hereunder shall not be placed on or in any way referenced as a client of The Bloom Firm or included on the website for The Bloom Firm, or otherwise be used or referenced, directly or indirectly, in any of The Bloom Firm's professional marketing materials. The Parties acknowledge and warrant that confidentiality is an essential and material term of this Agreement and this Agreement may not be disclosed unless otherwise required by law or as required for the purpose of enforcing the terms hereof.

9. **Modification.** No modification, supplement or discharge of this Agreement shall be effective unless in writing and executed on behalf of the party to be charged.

10. **Waiver.** No waiver by either party of any condition, term or provision of this Agreement shall be deemed to be a waiver of any proceeding or succeeding breach of the same or of any other condition, term or provision of this Agreement.

11. **Assignability.** Neither party may assign or otherwise transfer any of its rights, duties or obligations under this Agreement without the prior written consent of the other party. Any attempted assignment or transfer in contravention of this Section shall be void and of no force and effect. This Agreement shall be binding upon and inure to the benefit of the parties and their respective legal representatives, successors and permitted assigns. The Parties agree that Crown Media shall be a third party beneficiary of this Agreement.

12. **Counterparts.** This Agreement may be executed in several counterparts and delivered by facsimile or Adobe Portable Document Format ("PDF"), each of which shall be deemed an original but all of which together shall constitute one and the same instrument.

13. **Applicable Law.** This Agreement shall be governed by and construed in accordance with the laws of the State of California, without regard to the application of conflict of law principles, in force from time to time.

14. **Notices.** Any notices or other communication required or permitted to be given under this Agreement shall be in writing and shall be sent by mailed by first class or certified mail, or by next business day air courier service, or personally delivered to the party to whom it is to be given at the address of such party set forth below (or to such other address as the party shall have furnished in writing in accordance with the provisions of this Section 14).

15. **Unenforceable Provisions/Severability.** If any portion of this Agreement is for any reason declared invalid or unenforceable by reason of the provisions of the laws of the State of California, the United States of America, or of any judicial decision, law, or regulation of any government or agency having jurisdiction hereof, the validity of any of the remaining portions shall not be affected thereby and such remaining portions shall remain in full force and effect as if this Agreement had been executed with such invalid portion eliminated, and it is hereby declared the intention of the parties that they would have executed the remaining portion of this Agreement without including therein such portions that might be declared invalid or unenforceable.

16. **Attorneys' Fees and Costs.** In any action to enforce or to interpret any part of this Agreement, or any action arising out of the transactions or relationships that are the subject matter hereof, the prevailing party shall be entitled to recover as an element of its costs of the action, and not as damages, all attorneys' fees actually incurred, regardless of any otherwise applicable court schedule used for the determination thereof, and regardless of any otherwise applicable determination of any court concerning the reasonableness of the amount thereof. It is the express intent of the parties that, under all circumstances, the prevailing party shall recover all attorneys' fees actually incurred in bringing such action and in enforcing any judgment or award granted therein, all of which shall be deemed to have accrued upon the commencement of such action. The "prevailing party" shall be the party that is entitled to recover its costs of the

action, regardless of whether the action proceeds to final judgment. Any judgment or order entered in such action shall contain a specific provision providing for the recovery of attorneys' fees and costs incurred in enforcing such judgment or order.

[Signatures on following page]

IN WITNESS WHEREOF, the Parties hereto have executed this Legal Consulting Agreement as of the Effective Date.

FRASER:

_______________________________
Forrest ("Woody") L. Fraser

Address:

_______________________________

_______________________________

BLOOM FIRM:

The Bloom Firm, A Professional Corporation

By: _______________________________

Name: _______________________________

Title: _______________________________

Address:

_______________________________

_______________________________

COMPANY:

Woody Fraser Enterprises, Inc.

By: _______________________________

Name: _______________________________

Title: _______________________________

Address:

_______________________________

_______________________________

IN WITNESS WHEREOF, the Parties hereto have executed this Legal Consulting Agreement as of the Effective Date.

FRASER:

[signature]
Forrest ("Woody") L. Fraser

Address:
11827 Kearsarge St
LA CA 90049

COMPANY:

Woody Fraser Enterprises, Inc.

By: [signature]
Name: Forrest L. Fraser
Title: President

Address:
17547 Ventura Blvd
Encino Ca 91316

BLOOM FIRM:

The Bloom Firm, A Professional Corporation

By: [signature]
Name: Alyson Decker
Title: Senior Attorney

Address:
20700 Ventura Blvd., Suite 301
Woodland Hills, CA 91367

*Signature Page to Legal Consulting Agreement*

IN WITNESS WHEREOF, the Parties hereto have executed this Legal Consulting Agreement as of the Effective Date.

FRASER:

Forrest ("Woody") L. Fraser

Address:
11827 Kearsarge St
LA CA 90049

COMPANY:

Woody Fraser Enterprises, Inc.

By:

Name: Forrest L. Fraser

Title: President

Address:
17547 Ventura Blvd
Encino Ca 91316

BLOOM FIRM:

The Bloom Firm, A Professional Corporation

By: __________

Name: __________

Title: __________

Address:

*Signature Page to Legal Consulting Agreement*

# Exhibit B

Grandpoint. epoint 9/20/2018 3:37 PM

WF Productions

XXXXXX5037

THIS DOCUMENT HAS A COLORED BACKGROUND AND MICROPRINTING THE REVERSE SIDE INCLUDES AN ARTIFICIAL WATERMARK.

WOODY FRASER PRODUCTIONS, INC.
C/O BRUCE HERSH, CPA
17547 VENTURA BLVD, SUITE 206
ENCINO, CA 91316
818-805-0533

GRANDPOINT BANK
LOS ANGELES, CA 90049

4135

Date 9/8/2017

90-8585/3222

Pay to the Order of THE BLOOM FIRM $ **16,666.66

Sixteen Thousand Six Hundred Sixty-Six and 66/100******** Dollars

THE BLOOM FIRM

Memo CONSULTING AGREEMENT

⑈004135⑈ ⑆322285833⑆ 001215037⑈

For Deposit Only - JPMC

**Amount:** -$16,666.66

**Description:** CHECK

**Check Number:** 4135

**Posted Date:** 9/18/2017

**Transaction Type:** History